And counsel, in this case, just so you know at least where my question lies is as to why the appeal waiver would not be valid in this case. May it please the court. Good morning, your honors. Eric Guzman on behalf of Mr. Huitron-Rocha. I will watch my own clock and attempt to reserve two minutes for rebuttal. Addressing the appellate waiver, it is not binding because there was a Rule 11 violation. Rule 11. Because there were three defendants in court instead of one. Because it was not an individual person-to-person colloquy, especially when it came to the advisement of constitutional rights, which is required by Rule 11. I think you're right that there was Rule 11 error. The question is whether it's plain error under Olano, I think. Did it affect substantial rights? Yes, definitely, because it dealt with failing to advise regarding your right to appeal. That just establishes the Rule 11 violation, which was unobjected to. It doesn't address whether it's noticeable under Olano. So the standards under Olano has to be error, plain, affects substantial right. And when it goes to the guilty plea, the validity and the knowing and intelligent nature of a guilty plea, I think that always implicates a substantial right. But that sort of assumes the answer, because the cases in which we've said that the defendant must be addressed individually are cases where, for example, under Operation Streamline, there were 50 or 70 people in the courtroom. And here there were three, which is quite different, because you can look at the three of us and look at our facial expressions for confusion or whether we're about to ask a question. I think looking at three people and addressing them is materially different than 70 people. So why should we conclude that the Rule 11 colloquy didn't fulfill its purpose of being certain that each of those three individuals voluntarily intended to give up their rights? I think that a guilty plea is such an important event and such an important process in a case that it has to be a one-on-one individual colloquy. And that's what Rule 11 says. And even if it was two, I think that would be too many. So if you had two co-defendants who were brother and sister, there would have to be two separate, you couldn't have them stand up and talk to the two of them. That would be reversible error every time, in your view. I'm not asking for reversible error. I'm just saying there is sufficient Rule 11 violation to excuse, to make the plea waiver unenforceable. I'm not asking for a reversal of the conviction. I'm just saying the waiver to appeal, which was not explained one-on-one individually by the judge, as Rule 11 requires, is therefore unenforceable, and we should be able to go forward on this appeal. I see two issues here. One is whether there is, whether you can make a collective advisement of rights. And the second is whether you can make a collective consent by the defendants. Is there any doubt that all three defendants were advised collectively of their right of an appeal, but the defect may have been in obtaining individualized consent? Yes, I understand what that advisement was. I agree, Your Honors. So here the error isn't that he wasn't advised collectively. I mean, you're not arguing that you can't give a collective advisement of rights. Is that right? But rather your argument is that, yeah, you can do a collective advisement of rights, but you then have to progress to step two, which is to get an individualized consent to waiver. Is that the defect? There might be certain portions of the Rule 11 colloquy that could be done in mass, but I believe the entire guilty plea should be done in mass. So the position you're urging for this Court is that even if the Court had done the advisement that was done here, and then the judge turned to each one and said, now, you've heard these advisements. Do you agree? Don't you agree that you understand? That that additional step, in your opinion, would not have satisfied this problem? Your Honor, that's not the case we have before us. No. I'm just trying to decide whether it's rather significant, maybe not so much in this case, but maybe it is. I'm trying to decide whether you are asking us to rule that there can be no collective advisement or whether you're simply saying there has to be an individualized acknowledgement of how that particular defendant chooses to respond to those advisements. Your Honor, I'm only prepared to argue that the guilty plea in this case was defective to the extent that the plea waiver is unenforced. He had counsel at the time. Oh, excuse me. He had counsel at the time, and he had counsel present during the collective advisement, and he had counsel advising on the plea agreement he signed waiving his appeal right. Is that all correct, or am I missing something? He didn't have a lawyer, Your Honor. Yes. Did? He did, Your Honor. Yes. Thank you. My question is how you square your position with our fairly recent case of U.S. in which we said, although the rule speaks only of the defendant in the singular, it is not rigid, and we have previously held that it does not strictly require the court to address each defendant individually, and then it cites a case where a small group of, in that other case, co-conspirators could be addressed at the same time. Wouldn't we have to either distinguish that or? Well, I think, I believe that's in footnote 8 of Eskimier-Rojas. No, it's right, it's the beginning of part 2A1 right in the text. Well, I think that, if I remember correctly, there is a difference between giving a group advisement and saying, Mr. A, do you understand? Mr. B, do you understand? Mr. C, do you understand? Or taking a group, does anyone not understand? Or does everyone understand? Yes, that's to all. And, Your Honor, if I can move on to the visibility issue, because I would like to add one point on that issue. Sure. Thank you. The statute at issue regarding the visibility for my client is 11-352. And the court is going to have a conflict either way. Either it will issue a decision consistent with Coronado and thereby have a conflict with Rendon or follow the reasoning of Rendon and have a conflict with Coronado. Now, Coronado, I'm sure it's been brought up, was decided, even though the comp was issued after the oral argument in Coronado and after all of the primary briefing. I think a proper analogy, Your Honor, is Rendon might be this circuit's first case to bring forth like the Taylor analysis, like the analysis that a ton of cases afterwards started to endorse, and that became the methodology for addressing new cases. And if Rendon is the first case to really crystallize the proper formula, there is a conflict. But that should be the reasoning that should be employed. So your view is we have to, as a panel, request en banc rehearing so that we can address this conflict as a court? I think that either way, I think that's going to happen eventually. But 11-352 has not been decided yet, so the court could say, well, I'm going to follow Rendon, a binding case. I'm going to employ that methodology. And on that methodology, I think we would. What you point out would then bring us into conflict with Coronado, which is almost identical statute. Correct, but it lacks reasoning. And one point I would just like to bring up, I know Coronado does say that California drug statutes create so many crimes, as there are controlled substances, but the California case law is crystal clear that that is not the case. And People v. Romero specifically said the fact that you have to give note, well, it does not transmute the offense of possession of a controlled substance into as many different offenses as there are controlled substances. That's in 16 Calif. 3rd. 175. It couldn't be more clear. A second point. Say that again. I think I missed a word. Which part? Just what you just said. Just read what you said. Okay. California case law has said that the offense of possession of a controlled substance is not, does not contain as many different offenses as there are as controlled substances. So if it lists 50 substances, that's not 50 crimes that are divisible. It's one crime, no matter which of the substances. I think that's an argument that Coronado was wrongly decided. Yes, Your Honor. And I just wanted to point out, I think, how clear it is. One second point, if I may. Both DICOMC and the California Supreme Court have said that if something is an element, it has to be played into information. Counsel, in this case, if you were in the same position as the other cases that were argued and this case went back, how could there be an ultimate victory for your client? Because I believe, if I'm not mistaking your case for another one, there is a plea agreement, which is a Shepard document, which states that your client possessed and transported a usable quantity of cocaine for the purpose of sale. Well, if it's indivisible, you would never get there. Right. But I'm assuming that it is divisible for the purpose of this question. If it's indivisible, then you're on a different character. Correct. If it's divisible, we don't win on that issue. Okay. All right. I'd like to see the remainder of my time for rebuttal. Well, you're minus, but we'll give you some time when the time comes. Thank you, because we've asked a lot of questions. Good morning, Your Honors. May it please the Court, Alex Markle for the United States. Picking up where my colleague at the bar left off, we believe that Coronado is correctly decided. California Health and Safety, 11351 or 11352 are divisible. Modified categorical approach is appropriate to use. Could you talk a little more about the group plea? The group plea? Certainly, Your Honor. We believe that they're – Tell me what to do with Argueta Ramos. I'm sorry? I'm undoubtedly pronouncing it so badly, you can't understand what case I'm talking about. Argueta Ramos? Argueta Ramos? Argueta Ramos? Yeah. That there was a Rule 11 violation in the misdemeanor plea taken in Arizona during Operation Streamline where the magistrate judge gave a group advisal to a group of, I believe in this case it was 66 defendants, and then pulled groups of five up individually. Maybe he pulled up a group of five, and that was what was relevant. Following that group advisal, and then only asked the defendant one question personally, whether the defendant was guilty or not guilty. And in this case – I thought he asked them whether they understood their rights that he'd recited to the group. And I think it was a general answer, then, instead of an individual in that case, but I could be mistaken on that matter. So could I. There are four cases that are all taken during that Operation Streamline, which all deal with misdemeanor cases versus this case, which is a felony case that's pled guilty pursuant to a 13-page plea agreement, represented individually by counsel, each defendant, and who stood in front of the magistrate judge and answered the magistrate judge's questions, only three people, and with the interpreter. And the interpreter, I believe, answered yes to all as a means of interpreting all three individuals' yes response. And so it is different in this matter, because the magistrate judge is addressing three people pursuant to a written plea agreement represented by counsel, and not the large groups of the misdemeanor pleas with no plea agreement, with defense counsel representing between four and six people at one time, and not able to hear each person's response. And I believe one case, and I can't cite which one correctly, noted that if the individual's headsets weren't working, they were supposed to stand if they had a question, but they wouldn't have heard the magistrate judge tell them to stand if their headsets weren't working. However, in this case, the magistrate judge is looking directly at the three individuals, can't hear them herself, and is able to determine that. And therefore, we don't believe there was a Rule 11 violation. She did address the defendants individually concerning the specifics of their guilty plea, regarding the factual elements, the maximum penalties, and whether they were making their plea freely and voluntarily. She did conduct a group advisal of the appellate waiver, because all three individuals did have the same, presumably, the appellate waiver within their plea agreements. And that is on, I believe, page 27 of the excerpts of record. And therefore, there was no Rule 11 violation. The kind of jurisdiction that's waived by a plea agreement waiving the right to appeal, is that we have some case law, and I can't remember what it is. Can we say, assuming but not deciding that we have jurisdiction to entertain the appeal, nevertheless the appeal loses, if that's the conclusion that the panel would reach? Or must we decide jurisdiction of this particular type before analyzing the merits? I believe this Court is able to obtain jurisdiction either way. They could say the appellate waiver was valid, and we could hear the appeal because of the change of law that Decomp brought about, which I believe Decomp decided three days after the sentencing in this matter. Or the Court could say, we don't have jurisdiction. The appellant waived appeal. It was a valid waiver, and therefore the appellant should not be present. In addition, there could be a waiver in this case as well. The defendant requested the documents from probation regarding the 16-level enhancement. The probation department provided the documents both to the defendant and to the Court. The defendant then requested the 16-level enhancement of the district court at his sentencing. The district court granted the 16-level enhancement and additionally found it as well because the defendant, as Your Honor pointed out, did possess and transport cocaine for the purpose of sales. And there is no claim of ineffective assistance of counsel here. The defendant, therefore, has waived the appeal on this issue because of something the defendant affirmatively requested of the district court. So if I understand your comment, your last comment, that even if the appeal waiver generally doesn't waive the right to appeal, that in the specifics of this case he waived the opportunity to bring the main issue to us. Correct, Your Honor. Okay. I would agree with that. I was just trying to understand your comment. However, I would say that the appeal waiver is valid and it should be enforced in this case. I would note, you know, unlike the other two cases, we do have all the Shepard documents in this case. Unfortunately, I would disagree that Romero's, the California case was a knowledge case, and a concern of mistaken belief of the controlled substance was no defense. Now, if a defendant possessed, just hypothesizing, heroin, cocaine, and methamphetamine, he would be guilty of three crimes, possession of heroin, possession of cocaine, and possession of methamphetamine. And therefore, there would be three crimes. If they were all for sale, for instance, they would be prosecuted under 11351 of the California Health and Safety because each of the controlled substance is a separate element. We also believe that the California jury instructions do show that the jury must find that this specific controlled substance at issue, whether it be cocaine in our case at hand, is an element of the controlled substance. And therefore, Coronado is correctly decided. And Rondon appears, agrees with the analysis in Coronado, it appears, by footnote 11, and agrees that Coronado was correctly decided. And in fact, Rondon appears to be in complete agreement with Coronado. Now, if there's no further questions, I will stop. I don't believe we do have any. Thank you. Mr. Kuzman, you may have two minutes for rebuttal. Thank you. So just to respond to my colleague's comment that defense counsel requested the 16-level enhancement, I wasn't the lawyer at the trial level, but I'm sure he didn't request that enhancement. And also you're sure he did not? I'm, yeah. I just couldn't hear you. Yeah, I'm very confident. Second, regarding the waiver, as Mr. Markle pointed out, the comp had not been decided, so there's no way he could have brought it up any sooner. That issue was not yet in play. And this court decided the case, I believe September 24th, Agalio-Rios, that also addressed an issue where a new case had been decided after sentencing, and then they briefed it as soon as possible. And they said, well, defense counsel was diligent in raising the issue as soon as they could and requested to file a supplemental briefing, and we addressed the divisibility issue as soon as we could in our opening brief. So I don't see any way that it's been waived. And regarding the element, the fact that the prosecution need not allege the identity of the substance in the charging document, I think it's clear that's not an element. And to respond to his point, in California, case People v. Innis, there's a line in there. You did it in a bill of particulars and then in the jury instruction? Well, bill of particulars doesn't deal with elements. It deals with fair notice requirements. So a defense counsel can adequately prepare. I was thinking even if the indictment just says a substance in one of the lists, the defense could request a bill of particulars on what substance, and then the prosecutor would be limited to that substance. And from what I heard in one of the other arguments, the jury instruction would tell the jury they had to find that substance. Okay. Two things. One, in Ross v. Municipal Court, the California court said they can disallege controlled substance. You don't have to identify a specific one. And Salas echoed that point. And third, regarding jury instructions, jury instructions often have spaces for a judge to put in a specific example of the means of a crime that does not make it an element. For example, in an assault case, it will say, Mr. Guzman did commit this crime with a weapon to wit, a brick. And the brick is not an element. The identity of the weapon is not an element. It's just the means of committing the offense. These instructions are promulgated with the pragmatic concern of how lawyers argue the case to a jury. So you don't say, oh, Mr. Guzman was selling controlled substances on our streets. You say, he was selling methamphetamine, or he was selling marijuana. And that's why that space is there, but that does not form it into an element. Thank you, counsel. Thank you. The case just argued is submitted, and we appreciate the helpful arguments that all of you have made.
judges: Ebel, Kleinfeld, Graber